# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>JAMES K. BREDAR<br>U.S. MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-0950<br>(410) 962-2985 FAX |

May 3, 2006

TO ALL COUNSEL OF RECORD

    Subject: *William J. Steiner, et al. v. County Commissioners of Caroline County*
                Civil Action No. WDQ-05-1517

Dear Counsel:

      This action has been referred to me for disposition of discovery disputes. Pending and ready for disposition is plaintiffs' motion to compel production of documents (Paper No. 22) and defendants' motion for protective order and to quash subpoenas (Paper No. 28). No hearing is necessary. Local Rule 105.6.

      The suit challenges certain actions taken by the Caroline County government as those actions affected the proposed establishment of a nude dancing club in a vacant facility on Maryland Route 404 about three miles west of Denton. The plaintiffs operate a similar business establishment in Anne Arundel County under the name McDoogal's and have envisioned an extension of their cultural endeavor eastward across the Chesapeake Bay. Subsequent to the announcement by plaintiffs of their intentions, the county government enacted a temporary moratorium on the establishment of adult-oriented businesses and followed with the enactment of an amendment to the county zoning ordinance limiting the placement of such businesses. The facility in question was not in a permitted zone under the newly-enacted ordinance.

      The first-filed motion will be addressed first. This Court, through its Local Rules, has promulgated a detailed scheme to facilitate the efficient resolution of discovery disputes. Its goal is to engage the parties in a comprehensive exposition of their respective positions and to foster a good faith negotiation between them as to those positions to the end that disputes may be resolved without Court intervention or, at least, that the disputes can be narrowed and presented to the Court in a format designed to preserve judicial resources. Accordingly, pursuant to Local Rule 104.8.a., a party who is dissatisfied with a response to a discovery request is required to serve upon the responding party, within 30 days of the response, a motion to compel discovery. The responding party then is required to serve on the movant a memorandum in opposition within 14 days of its service. A reply is to follow within 11 days. Local Rule 104.8.b. provides that the parties are encouraged to confer during this process and, in the event that they cannot resolve their disputes, counsel are required to hold a formal discovery conference and provide to the Court the certification set forth in the rule.

In this case, that process has been frustrated in large part.  The plaintiffs, on October 15, 2005, served a motion to compel discovery upon the defendant.  No timely response ever was served upon the plaintiffs, leading the plaintiffs -- finally, some five months after they served their motion on the defendant -- to file the motion with the Court without ever having received a response from the defendant.  Obviously, the salutary effects that might have been realized through the Court's discovery scheme have been prevented by the parties' dilatory practice, the defendants in failing in their duty to respond and the plaintiffs in having failed to act sooner upon the failure of the defendants.   Moreover, they have waited a sufficient length of time so that their dispute has boiled over the schedule set by the Court.

Accordingly the plaintiff is sanctioned in the amount of $250.00, and the defendant is sanctioned in the amount of $500.00, those amounts to be paid into the registry of the Court within 10 days of the date of this Order.

Turning to the substance of the dispute, the plaintiffs have sought the disclosure of all communications relating to any existing or proposed adult-oriented business.  In response, the defendant produced *inter alia* a privilege log identifying approximately three dozen such communications – mostly e-mails – that are being withheld on grounds of privilege, *i.e.,* either attorney-client or attorney work product.  Plaintiffs ask the Court to compel the production of the purportedly privileged communications.

The defendant, in response to the motion to compel production, has interposed a lengthy argument – apparently not raised at all in its initial objections to the document request[1] – based upon relevance under the appropriate legal standard.  Specifically, defendant contends that the communications sought go to discovery of the intent of the county or its employees to block the plaintiffs operating an adult-oriented business in the county and argues that the motives of the county and its officials in enacting a moratorium are irrelevant to the Court's determination as to whether the enactments pass Constitutional muster.

The underpinning for defendant's argument supposes findings by the Court regarding such issues as content-neutrality and the level of scrutiny to be applied in review of those ordinances.  Those issues, however, are for the presiding District Judge in consideration of the merits of the case.  Insofar as discovery is concerned, my duty is to provide a broad template so that the appropriate discovery has been provided when the case reaches the stage for consideration of the merits.  Moreover, a review of the complaint gives rise to a question as to whether there is at least a colorable claim made regarding the conduct of county employees prior to the enactments.  In sum, the Court will not foreclose the discovery sought here on grounds of relevance, and whether there is to be disclosure of the materials sought here will be decided in light of the assertion of attorney-

---

[1] The plaintiffs point out that failure to particularize objections can result in a finding of waiver, citing Magistrate Judge Grimm of this Court in *Hall v. Sullivan,* 231 F.R.D. 468 (D. Md. 2005).  That draconian alternative, while inviting under the circumstances of this case, is not required here.

client privilege and work-product protection. Determinations regarding those protections can best be made after the Court has an opportunity to review the communications in question.[2] Accordingly, the defendants are hereby directed to produce to the Court for *in camera* inspection the communications identified in the privilege log. Such production shall occur within 10 days of this Order.

The motion for protective order and to quash subpoenas is inextricably intertwined with the issues raised in the motion to compel production. Both motions (Papers No. 22 and 28) will be held *sub curia* pending the *in camera* review of the documents referenced above.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order.

Very truly yours,

/s/

James K. Bredar
United States Magistrate Judge

JKB/cw
cc: The Hon. William D. Quarles, Jr.
    Court file
    Chambers file

---

[2]The Court notes that the plaintiffs have not attacked any particular assertion of privilege or protection or sought any particular document but rather have asserted a blanket entitlement to all communications to which protection has been claimed.